Hyman, C. J.
The only question in this case is whether the District Judge properly overruled the exception of the defendant, who is appellant from a judgment against him.
The suit is brought in the name of the president, directors and company of the Bank of Louisiana, and the exception is that there is no such corporation, the bank having forfeited its charter by violation of *215 its corporate powers; that it was put into liquidation by order of General Banks, of 13th June, 1863, and that it cannot now sue or be sued.
There is no evidence that the bank violated its corporate powers dr neglected to comply with the provisions of its charter.
Had the bank so done, such conduct does not, per se, destroy it óí produce a forfeiture of its charter. Its charter must be declared forfeited by those whom the law authorizes so to declare under such proceedings as are prescribed by law.
The order did not declare the charter of the bank forfeited. General Banks, believing the bank insolvent, appointed by the order, certain commissioners to effect the liquidation of the bank, to convert its assets into cash, to pay the bill-holders, and to distribute the remainder of the cash as in case of insolvency of individuals.
He did not consider that the order involved the forfeiture of the bank’s charter, for, on 29th September, 1863, he ordered that the affairs of the bank, for the purpose of liquidation be restored to such of its directors who had taken the oath of allegiance to the United States, on or before the first of October, 1862.
Nor did his successor, General Oanby, consider that the order of the 13th June, 1863, forfeited the bank’s charter, for on the 5th January, 1866, he ordered an election to be held under the direction of inspectors for directors of the bank, in accordance with the laws of theState and the bank’s charter, and on the 26th of the same month, he ordered the assets and property of the bank to be turned over to the directors,. elected under the order of 5th January, 1866, who were to proceed with the liquidation. . . ■
Let the judgment rendered against defendant be affirmed.